| | |
|---|---|
| Kenneth Irvin, individually and as Guardian *Ad Litem* for D.I., a minor, individually<br><br>and,<br><br>Danielle Moore, individually and as Guardian *Ad Litem* for K.M., a minor, individually<br><br>                    Plaintiffs,<br>v.<br><br>Middlesex Borough Board of Education,<br><br>                    Defendant. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CASE NO. 2:22-CV-01248-MCA-AME<br><br>**CIVIL ACTION**<br><br>**Consent Order Approving Minors' Settlement and Directing the Deposit of Funds With Prejudice** |

This matter having come before the Court in accordance with *R*. 4:44-3 on _____ , 2023, and Norman R. Jimerson, Jr., Esq, of The Jimerson Practice, LLC, attorney for the plaintiffs, and Alexander L. D'Jamoos, of Flanagan, Barone & O'Brien, attorney for the defendant, appearing, and the attorneys for the parties having reported to the Court that they have arrived at a settlement of the minor plaintiffs' claims between the minor plaintiffs and the defendant, and the Court having taken proofs on the record, and being satisfied that the settlement amounts are fair and reasonable and in the minors' best interest, approve said settlement;

**IT IS** on this _____ day of _____, 2023, **ORDERED** and **ADJUDGED** that:

1. Judgment is entered on behalf of D.I., a minor by her Guardian *ad Litem* in the gross amount of $110,000.00 against the defendant Middlesex Borough Board of Education without costs and/or interest, and that,

2. Judgment is entered on behalf of K.M., a minor by her Guardian *ad Litem* in the gross amount of $ 90,000.00 against the defendant Middlesex Borough Board of Education without costs and/or interest.

3. The following deductions shall be made from the gross settlement and paid by the defendant in separate drafts as follows:

a. $45,000.00 to be paid to the plaintiffs' attorney which reimburses $4,959.50 for actual disbursements, costs and expenses and satisfies the attorney's contingent fees of $40,040.50.

4.	Kenneth Irvin shall immediately apply to the Surrogate of Somerset County pursuant to <u>R</u>. 4:81 for the appointment of a guardian of the estate of the minor plaintiff D.I.  It shall be the responsibility of Norman R. Jimerson, Jr., attorney for the minor plaintiff, to see that this appointment is completed, and further,

5.	Danielle Moore shall immediately apply to the Surrogate of Somerset County pursuant to <u>R</u>. 4:81 for the appointment of a guardian of the estate of the minor plaintiff K.M.  It shall be the responsibility of Norman R. Jimerson, Jr., attorney for the minor plaintiff, to see that this appointment is completed.

6.	Pursuant to <u>R</u>. 4:48A the net recovery of $85,000.00, payable for the benefit of the minor plaintiff, D.I., shall be paid by or on behalf of the defendant by check payable to the "Surrogate of Somerset County Intermingled Trust Fund F/B/O of D.I., a minor," within thirty (30) days of this Judgment.  It is and shall be the responsibility of Norman R. Jimerson, Jr., attorney for the minor plaintiff, to see that this deposit is completed.

7.	Pursuant to <u>R</u>. 4:48A the net recovery of $70,000.00, payable for the benefit of the minor plaintiff, D.I., shall be paid by or on behalf of the defendant by check payable to the "Surrogate of Somerset County Intermingled Trust Fund F/B/O of K.M., a minor," within thirty (30) days of this Judgment.  It is and shall be the responsibility of Norman R. Jimerson, Jr., attorney for the minor plaintiff, to see that this deposit is completed.

8.	Upon payment of the minors' net recovery into the Surrogates' Intermingled Trust Fund, the posting of a bond by the person applying to be guardian of the minors' estate is dispensed with pursuant to <u>N.J.S.A</u>. 3B:15-16.

9.	Monies may be withdrawn from said account only upon further order of the Superior Court of New Jersey, Chancery Division, Probate Part, pursuant to <u>N.J.S.A</u>. 3B:15-17, or upon the minor attaining majority pursuant to <u>N.J.S.A</u>. 3B:15-17.l.

10.	The Guardian *ad Litem* shall provide the Surrogate with his/her minor's Social Security Number and a copy of the minor's birth certificate.  Personal identifying information shall be redacted from said documents and the same shall not be released to or made available for public scrutiny unless ordered to do so by the Superior Court.

11.	The Guardian *ad Litem* of the minor's estate is not authorized to receive any additional funds or property on behalf of the minor, except upon application to the Superior Court, Chancery Division, Probate Part, where the terms or conditions for the receipt of additional funds or property may be fixed. Pursuant to

N.J.S.A. 3B:12-37, said limitation shall be stated in the Letter of Guardianship certificates hereinafter issued by the Surrogate.

12. Upon qualifying, the Surrogate of Somerset County shall issue Letters of Guardianship for the Estate of D.I., a minor, and thereupon said person appointed guardian be and hereby is authorized to perform all the duties and responsibilities of a guardian as allowed by law, except as limited herein, and further,

13. Upon qualifying, the Surrogate of Somerset County shall issue Letters of Guardianship for the Estate of K.M., a minor, and thereupon said person appointed guardian be and hereby is authorized to perform all the duties and responsibilities of a guardian as allowed by law, except as limited herein.

14. Norman R. Jimerson, Jr., attorney for the plaintiffs, shall deliver a copy of this Judgment to all parties and the Surrogate of Somerset County within seven (7) days of the date hereof.

By consent of the parties:

| THE JIMERSON PRACTICE, LLC | FLANAGAN, BARONE & O'BRIEN, LLC |
|---|---|
| By: /s/ Norman Jimerson | By: /s/ Alexander L. D'Jamoos |
| NORMAN R. JIMERSON, Jr., ESQ. | ALEXANDER L. D'JAMOOS, ESQ. |
| Dated: April 19, 2023 | Dated: April 19, 2023 |

**As Ordered:**

_____
HON.

Dated: _____